UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC-JOSHUA MAPES,<br><br>    Plaintiff,<br><br>    v.<br><br>DELPHI POLICE DEPARTMENT, *et al.*,<br><br>    Defendants. | Case No. 2:25-CV-354-GSL-JEM |

## OPINION AND ORDER

Plaintiff Eric-Joshua Mapes, proceeding without the benefit of a lawyer, initiated this case and filed a Motion to Proceed In Forma Pauperis [DE 8] on August 15, 2025. On the same date, Plaintiff also filed a Motion for Service of Summons and Complaint Pursuant to 28 U.S.C. 1915 and Federal Rule of Civil Procedure 4(c)(3) [DE 11]. For the reasons set forth below, the Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**, and his Motion for Service of Summons and Complaint Pursuant to 28 U.S.C. 1915 and Federal Rule of Civil Procedure 4(c)(3) is **DENIED as moot**. Accordingly, Plaintiff's Amended Complaint [DE 7] is **DISMISSED**.

## DISCUSSION

A plaintiff who cannot afford to pay the case filing fee can request permission to litigate their case in forma pauperis, that is, without pre-paying the fee. Under the in forma pauperis statute, though, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The standard for failing to state a claim under the § 1915(e)(2)(B) analysis is the

same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n*, 860 F.3d 461, 468 (7th Cir. 2017).

A complaint survives a Rule 12(b)(6) motion to dismiss when it "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). However, as relevant to the case at bar, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

## ANALYSIS

This case stems from a CVS pharmacy allegedly obstructing Plaintiff's access to medication, triggering a health emergency. [DE 7, pg. 3] [1]. As a result, Plaintiff contacted the local police and prosecutor's officer for help to resolve the alleged unlawful medication denial. [*Id*.]. In doing so, Plaintiff claims that members of the police department, the prosecutor's office, the town, and the county violated his civil rights by way of deliberate indifference, retaliatory

---

[1] The Court uses the pagination in the CM/ECF header and not the pagination supplied by Plaintiff in the footer.

exclusion, and abuse of authority by way of threats of criminal prosecution. [*Id*. at 3-5]. More specifically, he claims that the pharmacy, working in conjunction with local authorities caused him to be "[a] systemic[ally] exclude[ed] from care – even where [he] was medically eligible and covered." [*Id*. at 10].

Plaintiff cites a litany of statutes and constitutional provisions that he believes were violated as a result of the events described above and has brought suit against the Delphi Police Department, Chief Steve Mullin, Officer Martin, Carroll County Prosecutor Nicholas C. McLeland, Carroll County, Indiana, Sgt Collin Deckard, and "Delphi Polce Depty." [DE 7]. Some of the federal statutes and constitutional provisions at issue include American with Disabilities Act ("ADA"), the Rehabilitation Act, the Affordable Care Act, the First, Fourth, and Fourteenth Amendments, Article VI of the U.S. Constitution, civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1986. [DE at 1].

While Plaintiff makes allegations that "Defendants" took a particular course of action, but "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Pleading collectively, without "connect[ing] individual defendants to particular actions" does not satisfy the federal "notice pleading" standard. *Griffin v. Bd. of Regents of Univ. of Wisconsin Sys.*, 818 F. App'x 558, 561 (7th Cir. 2020). Accordingly, the Court does not consider the allegations that Defendants generally or collectively wronged Plaintiff but instead looks only at allegations that can be fairly considered to connect a specific defendant or defendants to a particular action. The Court will address each Defendant individually.

**A. Delphi Police Department**

An Indiana police department is not a legal entity capable of being sued *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Therefore, Plaintiff has failed to state valid claims against the Delphi Police Department.

### B. Chief Steve Mullin

Next, Plaintiff alleges that he submitted a formal complaint to Delphi Police "citing civil rights and criminal harm" due the pharmacy's failure to dispense his medication. [DE 7 at 6]. He claims Mullin[2] responded to the complaint by "acknowledg[ing it], but misstate[d the] legal obligations of [the pharmacy] and delay[ed] review." [*Id.*] Plaintiff claims that this resulted in a various federal and state law violations. [*Id*]. However, the Amended Complaint is devoid of specific allegations as to how Mullin's actions amounted to such violations. The slim factual allegations pertaining to Mullins do not allow the Court to draw a reasonable inference that he is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

### C. Sgt. Collin Deckard

The sole allegation pled directly against Defendant Sgt. Collin Deckard, is that he "[p]articipated in threatening Plaintiff during attempts to resolve medication access." [DE 7 at 6]. This is a vague allegation with insufficient detail to pass muster. It is unknown what Deckard's "participation" amounted to and what the nature of the threats were. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. On the facts alleged, Plaintiff's right to relief against Deckard is only speculative, so the Court dismisses the claims against Sgt. Collin Deckard.

---

[2] Though unclear, the Court assumes that Chief Steve Mullin is a member of the Delphi Police Department.

### D. Officer Martin

Plaintiff alleges that Officer Martin "[t]hreatened Plaintiff with arrest for protected advocacy calls under ADA, ACA, and Medicare." [DE 7 at 6]. Plaintiff's allegation of "protected advocacy calls" is a legal conclusion that the Court does not need to accept as true. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). There is not another factual allegation specific to Officer Martin in the Amended Complaint. This is insufficient to plausibly state any claim against Officer Mullin.

### E. Prosecutor Nicholas C. McLeland

The allegations specific to Prosecutor Nicholas C. McLeland are as follows: "[he r]esponded to civil rights complaints by threatening criminal prosecution, declaring ADA/504 rights 'frivolous'"; he "respond[ed] to civil rights complaint calling rights under [t]he ADA, Sec 504, ACA and Medicare frivolous and access to[] places of public and public accommodation and advocacy is harassment with threats of criminal charges for disability-based advocacy"; and through his threats, he "failed to act or prevented advocacy access after formal complaints." [*Id.* DE 7 at 6, 9, 11, 18] (emphasis omitted). Finally, Plaintiff claims, the actions just described involved non-prosecutorial conduct. [*Id.* at 18].

It is unclear exactly what claims Plaintiff is bringing against McLeland, however the factual allegations directed towards McLeland do not contain enough specific facts to adequately state any claim. Pleading that McLeland threatened criminal prosecution or prevented advocacy access are legal conclusions. Even when construing the facts liberally in Plaintiff's favor, the

5

Court cannot infer liability upon McLeland without more detail as to how he committed such acts. Therefore, Plaintiff has failed to state a valid claim against McLeland.

### F. Carroll County, Indiana

Finally, Plaintiff appears to be bringing a *Monell* claim against Carroll County, Indiana as he alleges they are "[r]esponsible for the conduct and training of its officials" and subject to liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). [DE 7 at 6]. "Carroll County had actual notice of his protected medical condition and statutory entitlements." [*Id.* at 11]. Carroll County, "through its agents," denied Plaintiff access to his medication, refused to enforce Plaintiff's civil rights after receiving formal notice, retaliated against Plaintiff's advocacy, and mischaracterized Plaintiff's disability rights as frivolous. [*Id.* at 13]. The county "maintained and executed policies, customs, and practices that directly resulted in the repeated violation of Plaintiff's statutory and constitutional rights." [*Id.* at 26].

To succeed on an Eighth Amendment violation against a municipal entity, also known as a *Monell* claim, a plaintiff must prove that (1) he suffered a constitutional injury, and (2) that the city authorized or maintained a custom, policy, or practice of approving unconstitutional conduct. *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 690-692 (1978); *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014).

Taking the later requirement first, Plaintiff "must point to either an express policy which caused the injury, [or] a widespread practice that is so well-settled as to amount to a policy …" *Abbott v. Village of Winthrop Harbor*, 205 F.3d 976 (7th Cir.2000). Although Plaintiff alleges that Carroll County, Indiana maintains policies, customs and practices that resulted in repeated violations of his constitutional rights, he does not specify what those policies, customs, or practices are. In the event he is implying that the isolated events alleged in the Amended Complaint are

6

sufficient to impose municipal liability, such an inference cannot be drawn due to the absence of sufficient factual allegations. Since Plaintiff failed to alleged evidence to satisfy the second requirement of a *Monell* claim, the Court need not address the first. Accordingly, Plaintiff has failed to state a claim against Carrol County, Indiana.

Since Plaintiff has failed to state a meritorious claim against any Defendant in this matter, the Court need not address his ability to pay a filing fee at this time. 28 U.S.C. § 1915(e)(2)(B).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Proceed In Forma Pauperis, [DE 2] is **DENIED**. Plaintiff's Amended Complaint, [DE 7] is **DISMISSED** and his Motion for Service of Summons and Complaint [DE 11] is **DENIED as moot**.

SO ORDERED.

ENTERED: December 4, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court